# Complaint



1. Plaintiff:

Willard J. Franklin
205 Chateau Rive
Peekskill, NY   10566

Defendants:

Clara Nelson
Station Manager
U.S. Postal Service
2200 Orange Av
Cleveland, OH   44101

Pat Todd
Supervisor
U. S. Postal Service
2200 Orange Av
Cleveland, OH   44101

Craig Zielaskiewicz
Supervisor
U.S. Postal Service
2200 Orange Av
Cleveland, OH   44101

United States Postal Service
William J. Henderson, Postmaster General
475 L'enfant Plaza SW
Washington, D.C.   20260

U.S Attorney
N. D. Ohio
1800 Bank One Center
600 Superior Av East
Cleveland, OH   44114-2600

U. S. Attorney General
Dept. of Justice
Washington, D. C.   20044

# 1:00CV 3204

## JUDGE ALDRICH

## MAG. JUDGE BAUGHMAN

1. Elements involved: Title 18, Sections 1001(a), 241, 1621, 2073 and all others that may apply.

2. I had written the Postal Service in Manhattan (New York) to request a transfer from Ohio (copy of Union letter enclosed). I secured an apartment north of Manhattan, moved my pets and belongings there, and had someone from Ohio stay there for a few weeks.

My transfer was then denied due to the existence of two pieces of discipline in my record (copy of letter of denial enclosed). These letters of discipline did not belong in my records, and they were faxed from Briggs Station, which is the Postal Station where I worked (copies of disciplines enclosed).

The letter dated 8/3/99 had been removed from my record as of 12/31/99 via a grievance resolution (copy of grievance resolution enclosed).

The letter dated 1/11/2000 was never issued to me, my Union Steward or the

Union Office. It was unsigned by any management official. By fair labor standards, this letter never should have been inserted into my record.

The malicious nature of Briggs management is evidenced by, including with the fax transmission, an uninvestigated personal note typed by Supervisor Craig Zielaskiewicz (copy enclosed). Without investigation, this note had already been used against me once by Station Manager Clara Nelson -- I draw attention to the message written by Ms.Nelson. This type of letter should not have been in my record, a fact verified by Step 4 grievance arbitration ruling M00548.

Derogatory information was placed into my record, thereby causing extreme hardship in my personal life. I had to quit the U.S. Postal Service. Regardless of the motivation behind this action taken against me, regardless of which manager is responsible, the undeniable fact is, it was done.

(A Hearing took place on 12/15/2000 with the Review Commission for the Department of Unemployment Compensation for the State of Ohio. Clara Nelson perjured herself when, under sworn testimony, she stated she was not present at Briggs Station the day the papers in question were faxed. This was also stated by her to EEO Investigator Tim Mize [copy of Mr. Mize's statement enclosed]. She *was* at the station that day, which was 6/1/2000. I have a letter from Union Administrative Vice President James Hopkins to verify this. I can also verify this, for the reason Mr. Hopkins met with her on 6/1/200 was due to a teleconference with *me* concerning a grievance. A tape of the Review Commission Hearing will be requested.)

I will never again be a viable part of the workforce due to this. I will never trust a manager. I will quit any job at the first sign of problematic management, for I will not let myself be put through any turmoil such as that experienced as an employee of the U.S. Postal Service. Analysis and medication will not erase the memory of my Postal trauma.

4. Damages being sought as a resolution to this case: $7,000,000.00.

Willard J. Franklin
Pro Se
914-739-4915