

William H. Young
Executive Vice President

A. P. "Tony" Martinez
Vice President

William R. Yates
Secretary-Treasurer

Jane E. Broendel
Asst. Secretary-Treasurer

Gary H. Mullins
Director, City Delivery

Alan C. Ferranto
Director, Safety & Health

**National Association OF LETTER CARRIERS**

Vincent R. Sombrotto
President

Michael J. O'Connor
Director, Life Insurance

Thomas H. Young, Jr.
Director, Health Insurance

Joseph LaPlaca
Director of Retired Members

BOARD OF TRUSTEES

Larry Brown, Jr., Chm.
Daniel T. Rupp
Randall L. Keller

BRIAN HELLMAN, National Business Agent
New York (Metro) Area
Vincent R. Sombrotto Building
Suite 102
347 West 41st Street
New York, NY 10036-6903
Telephone: (212) 868-0284 • Fax: (212) 868-0294

August 8, 2000

Frank Orapello, President
Branch 36, NALC
347 West 41st Street
New York, NY 10036

Dear Frank:

I am writing this letter on behalf of Willard J. Franklin, a member in good standing at Parma, Ohio. He is trying to achieve a transfer to the New York area.

Any assistance that you can provide to Brother Franklin would be greatly appreciated. Thanking you in advance to the attention that you give this matter.

Sincerely and fraternally,

Brian Hellman
National Business Agent

cc:  Daniel T. Rupp
     Willard J. Franklin

AFFILIATED | AMERICAN FEDERATION OF LABOR—CONGRESS OF INDUSTRIAL ORGANIZATIONS
WITH | POSTAL TELEPHONE TELEGRAPH INTERNATIONAL

Personnel Services·
New York District

 **UNITED STATES POSTAL SERVICE**

July 31, 2000

Willard J. Franklin
2903 Liggett Drive
Parma, OH 44134-2607

Dear Mr. Franklin:

This is in reference to your request for a reassignment to the New York District as a Part-Time Flexible Carrier.

After careful review of your Official Personnel Folder (OPF), employee evaluation, PS Form 3972's (Absence Analysis) for 1999 and 2000 your request for reassignment is denied. Specifically, on January 11, 2000 you received a Notice of Suspension of 14 days or less, and August 3, 1999 a Letter of Warning for Failure to Follow Instructions, Unauthorized Extension of Work hours and Conduct unbecoming a Postal Employee.

You may re-submit your request after one (1) year from the date of this letter.  If your employment record has improved, this office will re-evaluate your request and give you full consideration at that time.

Sincerely,

Jeanette E. Brooks
Human Resources Specialist

421 EIGHTH AVENUE
ROOM 4502-C
NEW YORK, NY 10199-9994

Jun-01-00 13:23   PARMA BRIGGS POST OFFICE   8426820                           P.02

**UNITED STATES POSTAL SERVICE**

DATE:       August 3, 1999
SUBJECT:    LETTER OF WARNING
TO:         W. Franklin
            Career Carrier
            Social Security Number: 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

This official Letter of Warning is being issued to you for the following reason(s):

Charge 1: Failure to Follow Instructions:
Charge 2: Unauthorized Extension of Workhours:
Charge 3: Conduct Unbecoming a Postal Employee:

On July 16, 1999 regular letter carrier on route 3405 W. Franklin was given an instruction by supervisor James Nelson to pivot 30 minutes on route 3413 in the street. According to PSDS clock rings for W. Franklin show:

BT   7:59   BS   10:06   RS   16:39   ET   16:42

The clock rings show that you were in the office for two hours and 28 minutes, which means that you left the office 15 minutes earlier than you should have for an eight hour day on your route. Your street time was 5 hours and 50 minutes which you extended your street time by 31 minutes without completing your assignment of a pivot for 30 minutes on route 3413. You did not notify your immediate supervisor that you were unable to complete your route in eight hours. When you were given the pivot assignment in the morning, and upon returning to the office when you brought back the pivot, your conduct demonstrated during a discussion with management as to your inability to complete your pivot assignment was unbecoming a postal employee. You are in violation of the following sections of M-41:  112.21 OBEY THE INSTRUCTIONS OF YOUR MANAGER; 112.24 DISPLAY A WILLING ATTITUDE AND PUT FORTH A CONSCIENTIOUS EFFORT IN DEVELOPING SKILL TO PERFORM DUTIES AS ASSIGNED; 112.25 BE PROMPT, COURTEOUS, AND OBLIGING IN THE PERFORMANCE OF DUTIES. ATTEND QUIETLY AND DILIGENTLY TO WORK AND REFRAIN FROM LOUD TALKING AND THE USE OF PROFANE LANGUAGE.

It is hoped that this official Letter of warning will serve to impress upon you the seriousness of your actions and that future discipline will not be necessary. If you are having difficulties which I may not be aware of or if you need additional assistance or instructions for improving your performance, please call on me, or you may consult with other supervisors and we will assist you where possible. However, I must warn you that future deficiencies will result in more severe disciplinary action being taken against you. Such Action may include suspensions, reduction in grade and or pay, or removal from the Postal Service.

You have a right to file a grievance under the grievance/arbitration procedure set forth in Article 15 of the National Agreement within 14 days of your receipt of the letter.

_____
Supervisor

I have received the original of this letter on ___8-3-1999___

Signature _Refused To Sign_

FAX:

SUPERVISOR CUSTOMER SERVICE


**UNITED STATES**
**POSTAL SERVICE**

January 11, 2000

Subject: Notice of Suspension of 14 Days or Less

To:    Willard Franklin
       Full Time Letter Carrier
       SSN: _____

You are hereby notified that you will be suspended for a period of 14 days. If a grievance is filed, the effective date of the suspension will be delayed until disposition of the grievance, either by settlement or an arbitrator's final and binding decision. If no grievance is filed, local management will determine the effective date of the suspension. The reason(s) for this are:

**CHARGE NO. 1: CONDUCT UNBECOMING A POSTAL EMPLOYEE**
**CHARGE NO. 2: FALISIFICATION OF MEDICAL DOCUMENTATION**
**CHARGE NO. 3: FAILURE TO FOLLOW INSTRUCTIONS**

On Tuesday, December 21, 1999, consequent to your return to work from a leave of absence, you presented medical documentation from Dr. Edward J. Michalski, that appeared to be altered. I questioned you about the medical documentation, and asked you who changed the patient return to duty date on the documentation. You responded that your physician corrected the date. Upon investigating the altered documentation, your physician was questioned as to the correct date you were released to return to work. Your physician indicated that your time off should have been effective, Friday, December 17, 1999 until Sunday, December 19, 1999. Your physician stated you should have returned to work on Monday, December 20, 1999.

On December 29, 1999 at approximately 3:40 p.m, I questioned you again about the medical documentation your presented. I related to you that in our previous conversation you stated your physician changed the return to duty date on the documentation. I asked you again who annotated the correction on the written documentation, and you responded that your physician changed the date. I informed you that your physician had been contacted and questioned about the medical documentation you presented. You immediately became upset, stating that management had no right to contact your physician, you physician was a personal friend of yours, and you were very very "pissed" about the phone call. You further stated that you were ready to call your attorney, and sue the post office, retorting that management was trying toget information form your physician. However, I informed you that the only question management asked your physician was for clarification of your return to work date. Upon hearing my explanation, you yanked the medical documentation out of may hand and proceeded to exit the building. I called out to you, and instructed you to give me back the medical documentation. You hollered out, "I'm sure someone is going to use this against me." I instructed

- 2 -

you again to return the medical documentation to me, you responded no and briskly walked away.

On Friday, January 7, 2000 your scheduled off day, you were scheduled for a follow up appointment at Employee Health Source regarding an on the job injury you had previously sustained. On January 10, at approximately 8:20 a.m. I asked you for your medical documentation from your doctor's appointment. You requested to know why I wanted the medical documentation since the appointmnet was scheduled on your off day. I explained to you that your doctor's appointment was related to an on the job injury, and as such, management has a right to be informed of any changes in your physical limitations. I also informed you that the medical documentation was needed to update your records in the Injury Compensation Office. You refused to give me the documentation, retorting, "It's none of your damn business. Get the hell out of here right now because you're creating a hostile work environment, which is a violation of the ADA and the union and just get out of here now and take your patsy with you!"

In view of your offensive behavior. I walked away from your case to give you an opportunity to calm down. When I approached you again and instructed you to supply me with the medical documentation (CA-17) I prepared for your physician's review and completion, you retorted, "I threw it away. I told the doctor that I was going to go back to my own doctor who did surgery on my arm a couple of years ago. I'm not going to update the CA-17 because I am chosing to go to another doctor. . . I told you to get out here, you're creating a hostile environment." Your conduct in this matter was intimidating, and when I informed you of my impression of your behavior, you responded, "Management is the offender in hostile environments not the workers, I can show you that in black and white. Just get out of here you're making me. . ." You didn't complete you statement, however I found the conduct you displayed unprofessional and unwarranted.

Your actions are a gross violation of Postal rules and regulations, such as, but not limited to the following:

The M-41, *City Delivery Carriers Duties and Responsibilities*, states in part,

- section 112.21 "Obey the instructions of your manager",

The *Employee and Labor Relations Manual* (ELM), states in part...

- Section 545.233, "If the USPS is willing to accommodate the limitations imposed by the injury, the employee must: a. So advised the attending physician. B.

*13*

- 3 -

Request that the physician specify the limitations imposed by the injury. C. Immediately advise the USPS of those limitations and restrictions.

- Section 661.53 Unacceptable Conduct states in part, "No employee will engage in criminal, dishonest, notoriously disgraceful or immoral conduct, or other conduct prejudicial to the Postal Service."

- Section 666.2 Behavior and Personal Habits states in part, "Employees are expected to conduct themselves during and outside of working hours in a manner which reflects favorably upon the Postal Service. Although it is not the policy of the Postal Service to interfere with the private lives of employees, it does require that postal personnel be honest, reliable, trustworthy, courteous, and of good character and reputation. Employees are expected to maintain satisfactory personal habits so as not to be obnoxious or offensive to other persons or to create unpleasant working conditions."

- Section 666.51 - Protest, states in part, "Employees must obey the instructions of their supervisors..."

- Section 666.86 - Disciplinary Action, of the same manual, states "Postal Officials will take appropriate disciplinary measures to correct violations of these requirements".

You have a right to file a grievance under the grievance-arbitration procedures as set forth in Article 15, Section 2 of the National Agreement within fourteen (14) days of your receipt of this notice.

Reviewing Authority

Donna Kruzel
Supervisor, Customer Service

Clara Nelson
Concurring Official

I acknowledge receipt of the original of this letter on_____

Signed _____

Delivered by _____ Date _____
cc: File

*10*

**DECISION**
**NALC/USPS Step B**
**Dispute Resolution Team**
CLEVELAND DISTRICT
2200 Orange Avenue
Cleveland, Ohio  44101-9994
(216)443-4814

USPS Case No. C94N-4C-D 99256221
NALC Case No. 990694   Branch # 40
Grievant: Franklin, W. (Briggs)
Installation: Cleveland, OH. 44101-9995
Decision: **RESOLVED**
Issue Code: 16.3000
Date Received: September 27, 1999
Meeting Date: October 8, 1999

**ISSUE**  Was the Letter of Warning (LOW) dated August 3. 1999 for Failure to Follow Instructions.
Unauthorized Extension of Workhours and Conduct Unbecoming a Postal Employee issued for just cause?
And if not. what is the appropriate remedy?

**DECISION**

The Dispute Resolution Team has **resolved** this grievance.  The Letter of Warning (LOW) for Failure to Follow
Instructions. Unauthorized Extension of Workhours and Conduct Unbecoming a Postal Employee dated August 3.
1999 will be removed from grievant's record on December 31, 1999 provided no corrective action for similar
charges has been issued to grievant in the interim.

**EXPLANATION**

After reviewing all available evidence and contentions. the Team agrees that both local parties did not fully develop their
contentions in this case.  As far as the pivot overrun, no Form 3996 requesting additional time was submitted to the
Team.  As far as grievant's conduct, he writes "I informed carriers, as I passed them, pivoting under such conditions was
a safety hazard. and they should use their discretion as to how to they (sic) handle it."  Without safety advice (breaks.
additional water. head protection, etc). grievant's comments could be construed as detrimental to management's ability
to pivot.  The Team is unaware of a labor agreement that an employee may change the time of his route if he "shows
differing times over a period covering several weeks" as noted by the grievant.  Management's contentions are only the
LOW.  There is no statement from the supervisor addressing the union's contention that grievant had been leaving at the
same time each morning and did not leave "early" the day in question.  There is no volume or street analysis justifying
additional pivot time needed.  There are no observations other than noting that grievant "left early".

Pivoting is a legitimate method of capturing "downtime".  Management is responsible to be able to justify the reason
for pivoting.  Letter carriers are responsible for completing assignments as instructed.  While there are many issues
involved in pivoting the local union is informed that in some circumstances;  for example, low delivery coverage
percentage. reduced street time (houses razed, streets closed. etc), a carrier can leave at their scheduled leaving time –
pivot – and return on time.  Leaving early to "cover" the pivot time is not always guaranteed.  Management should
provide reasonable explanations as to when carriers should leave to pivot.

Therefore, the Team has decided to reduce the term of the LOW and restricted its use as an element of past action in
the hope that grievant and the local parties are now aware of their responsibilities.

Time limits were extended by mutual consent.

Barbara C. Rogers
NALC Step B Representative
Cleveland District

_1-. 16.99_
Decision Date

Jim Oblock
USPS Step B Representative
Cleveland District

_12-16-99_
Decision Date

cc:  USPS Step A Representative
     NALC Step A Representative
     NALC National HQ
     NBA. file

*FILE COPIES*  14

**Note to File:**

On Tuesday, January 11, 2000, at 1:50 p.m. I, Craig Zielaskiewicz (204-I) spotted vehicle 3317399 parked at the corner of Liggett and West 29th Street with no carrier in sight. I decided to wait for about 5 minutes. At 1:55 p.m. Mr. Willard Franklin approached my car from his house. I asked if he was "almost done". He replied, "yes". He then entered his garage and took out his trash (1 large bag on his right arm and 2 small bags on his left arm). Afterwards he got into his vehicle and drove back to the station. He arrived at Briggs Post Office at 2:06 p.m. His instructions from the morning of January 11, 2000, were to finish his route and his lunch and report back to the post office by 1:00 p.m.

_____

Craig J. Zielaskiewicz

*Failed to Follow*
*Instructions*
*Taking out trash with*
*bad arm   W. Wilson*
*FAXED A COPY to*
*injury comp 1/12/00*

DATE; 10/5/00

re; EEO case. 4C-440-0262-00

TO; Mr. Willard Franklin
    205 Chateau Rive.
    Peekskill, NY 10566

This is to advise you, effective with the receipt of this letter, that your EEO complaint is being closed out constructively at the counseling level. The reason for this is that you no longer work in this District or live in Ohio. Therefore, I am affording you your rights by mail. The necessary forms for proceeding with the case have been mailed to you with this letter. This does NOT mean your complaint is terminated. However, he needs to submit your 2565 timely if you wish to continue the complaint.

Supervisor, Ms. Patricia Todd, and Manager, Ms. Clara Nelson, stated they sent no disciplinary actions to New York. Ms. Todd stated she filled out an evaluation, but you had no discipline of record at that time to send. Ms. Nelson stated she was away from Briggs at the time the request was sent and had nothing to do with it.

Acting Supervisor, Mr. Craig Zielaskiewicz, stated that he was contacted by a Supervisor from New York, who requested all discipline from the past year. He stated that he faxed over everything that he believed to be valid.

If you still believe you have been discriminated against, you have the right to file a formal complaint. Enclosed are PS Form 2579A( Notice of right to file An individual complaint ) and PS Form 2565 ( EEO Complaint in U.S. Postal Service ). You have 15 calendar days from receipt of this notice to file your formal EEO complaint. The address that the PS 2565 form must be delivered to - and instructions regarding completion of it - is contained on PS Form 2579A.

If there are any further questions or if you would like to discuss the case, feel free to call me at (216) 443-4758. I am usually scheduled from 6:30 a.m. - 3 p.m.. If I am unavailable when you call, please leave a message and I will get back with you as soon as I can.

Thank you,

Timothy Mize, EEO C/I
2200 Orange Avenue
Cleveland, Ohio
            44101-9411

# William C. Doherty Branch No. 40



## NATIONAL ASSOCIATION OF LETTER CARRIERS

BRANCH OFFICE
United Building, 2012 West 25th Street
Room 705 • Cleveland, Ohio 44113

(216) 241-4035



Daniel Rupp
PRESIDENT

Dennis Perk
EXECUTIVE VICE PRESIDENT

Bill Barnes
ADMINISTRATIVE VICE PRESIDENT

James M. Hopkins
ADMINISTRATIVE VICE PRESIDENT

Robert L. Johnson
RECORDING SECRETARY

Todd Brew
ASSISTANT SECRETARY

William J. Huff
FINANCIAL SECRETARY-TREASURER

Robert Murphy
DIRECTOR OF HEALTH BENEFITS

Richard Bilski
M.B.A. REPRESENTATIVE

TRUSTEES
James Ziegler
Robert Holmes
A. T. Wilson

Raymond Wasik
SERGEANT-AT-ARMS

AFL-CIO DELEGATES
Daniel Rupp
Dennis Perk
Patrice Ashley
Mary Campbell
James Cerny
Gary Eckhoff
Marvin Reese
Barbara C. Rogers
Regina Williams

October 19, 2000

Willard Franklin
205 Chatteau Rive
Peekskill, New York 10566

Dear Willard:

On the morning of June 1, 2000 I met with Clara Nelson at the Briggs Branch.

Sincerely,

James M. Hopkins